**SO ORDERED.**

**SIGNED this 20th day of August, 2020.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

___

Designated for on-line use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:**<br><br>**Bread & Butter Concepts. LLC, et. al.,**<br><br>Debtor. | Case No. 19-22400<br>(administratively consolidated)<br>**Chapter 11** |

**Memorandum Opinion, Order, and Judgment
Denying Debtors' Objections to Proofs of Claim Filed by
Creditor Arrowhead Specialty Meats**

Debtors[1] object to the proofs of claim filed by creditor Arrowhead

Specialty Meats, LLC (Arrowhead) on the basis that the claims were filed

___

[1] The following cases are administratively consolidated: Bread & Butter Concepts, LLC (Case no. 19-22400); Texaz Crossroads, LLC (Case no. 19-22401); Texaz Table Restaurant of Ks, LLC (Case no. 19-22399); Texaz South Plaza, LLC (Case no. 19-22402); and Texaz Plaza Restaurant, LLC (Case no. 19-22403).

after the claims bar date.[2] Arrowhead responded to the objections. A hearing was held on August 12, 2020. Debtors appeared by Brett Simon of Sandberg Phoenix & von Gontard P.C. Arrowhead appeared pro se by John Tellge. For the reasons stated below, the Court finds excusable neglect under Rule 9006(b)(1)[3] and allows the claims despite the late filings.

The background facts are undisputed. Five related debtors, who operate restaurants and an event center in Kansas and Missouri, filed voluntary petitions under Chapter 11 on November 9, 2019. Motions to establish the proof of claims bar date were filed.[4] Bar Date Notice forms were included.[5] The cases were administratively consolidated, with Bread & Butter Concepts being the lead case. By order signed on November 14, 2019, and filed in the lead case, January 10, 2020, was set as the General Bar date.

---

[2] Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure (March 2018). An objection to a claim is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2) (B). There is no objection to venue or jurisdiction over the parties.

[3] Fed. R. Bankr. P. 9006(b)(1). Future references to the bankruptcy rules in the text shall be to the rule number only.

[4] E.g., doc. 12.

[5] E.g., doc. 12-1.

Debtors were ordered to mail copies of the Bar Date Notice, which had been attached to the motions to establish bar date, at least 20 days before the General Bar date to all known Creditors holding claims postage prepaid.

The claim registries include four proofs of claim for Arrowhead, one for each of the consolidated cases except Bread & Butter Concepts. They are as follows: $12,629.12 in Case No. 19-22402; $19,026.45 in Case no. 19-22403; $286.22 in Case no. 19-22399; and $225.56 in Case no. 19-22401. Each claim was filed on January 21, 2020, after expiration of the bar date. Debtors object to all four claims on the basis that they were untimely filed and should be disallowed in their entirety.[6]

Arrowhead responded pro se to the objections. At the hearing, Debtors did not challenge the facts stated in the responses or the statements of Arrowhead's representative. Arrowhead is a "mom and pop" supplier of specialty meats to restaurants. On January 8, 2020, two days before the bar date, Arrowhead mailed the four completed proofs of claim, attached to which were copies of signed invoices, a current statement, and an aged receivable list, by first class mail addressed to Sharon Stolte, counsel for the Debtors.[7]

---

[6] Debtors also object to the claim in Case no. 19-22402 on the basis that the amount is incorrect. That issue is not presently before the Court.

[7] The Court has not been advised of the circumstances resulting in the filing of the proofs of claim.

Arrowhead contends it "followed all of the necessary steps needed to properly and timely file the claim being objected."[8]

Rule 3003(c) sets out the requirements for filing proofs of claim in Chapter 11 cases. Subsection (c)(3) provides that the Court shall fix the time for filing and "for cause shown, may extend the time within which proofs of claim or interest may be filed." Rule 9006 is the general rule addressing the computing and extension of time. Subsection (b)(1) empowers a bankruptcy court to permit a late filing if the failure to comply with an earlier deadline was the result of excusable neglect. The Supreme Court in *Pioneer Investment Services*[9] adopted a two-part test for determining when excusable neglect is present for purposes of Rule 9006(b)(1). First, the delay must be the result of neglect, such as delay "caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control."[10] Second, the neglect must be excusable. Whether the failure is excusable requires an equitable determination, "taking into account all of the relevant circumstances," including the danger of prejudice to the debtor, the

---

[8] Doc. 155.

[9] *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993).

[10] *Id*. at 388.

length of the delay and its potential impact on the case, the reason for the delay, and whether the person seeking relief acted in good faith.[11]

The Court finds that the late filing of Arrowhead's proofs of claim were the result of excusable neglect. Arrowhead mailed its proofs of claim before expiration of the bar date. The problem arose because they were mailed to Debtors' counsel, rather than to the Clerk of the Court. But the Bar Date Notice did not include mailing or filing instructions. Debtors' counsel's name and address were included on the notice of the bar date mailed to Arrowhead; the Court's address was not included.[12] Further, although the notice and the official proof of claim form[13] advises that the form should be "filed," the term

---

[11] *Id.* at 395.

[12] For comparison, one suggested form for notice of deadline for filing proof of claim includes the notice that the creditor "must file a proof of claim and proper supporting documentation with the Clerk of the Bankruptcy Court and serve upon counsel for the Debtor no later than *[Date Fixed for Filing Claims]*." 14 *Collier on Bankruptcy*, Form No. 5.03-6 (Richard Levin and Henry J. Somer eds.-in-chief 16th ed. 2020).

Another form instructs that all entities with claims "must on or before [*due date of filing*] file proofs of claim, either in person or by mail, in the office of the clerk of the Bankruptcy Court." *Bankruptcy Form Guide,* § 2:98 Notice of bar date for filing proofs of claim (2020) (available on Westlaw).

Another form states, "A proof of claim shall not be deemed filed until it is actually received and time stamped by the Clerk of the United States Bankruptcy Court at the above address." *West's Federal Forms,* § 3.3 Order and notice fixing deadline for filing proofs of claim in Chapter 11 case – Rule 3001 (William Houston Brown, Lawrence R. Ahern, III, & Nancy F. MacLean, 5th ed. 2020) (available on Westlaw).

[13] The Court notes that this official form contains no specific instructions about filing the proof of clam.

as not defined and instruction for filing are not included. Arrowhead was acting without the assistance of counsel; sending the forms to counsel, whose address was included on the notice, was a mistake, but it was excusable. Unlike the debtor in *Diggs*,[14] the case cited by the Debtors' counsel at the hearing, allowing the late filings in this case will not cause prejudice to the Debtors. Further, in this case, the length of the delay was short and did not impact the case; the delay was caused by a pro se creditor's reasonable understanding of the directions given to it; and there is no suggestion that Arrowhead was acting other than in good faith.

The Court therefore overrules the Debtors' objections to Arrowhead's proofs of claim on the basis that they were untimely filed.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**Judgment**

Judgment is hereby entered overruling Debtors' objections to the claims of Arrowhead Specialty Meats on the basis that they were not timely filed. The judgment based on this ruling will become effective when it is entered on

---

[14] *In re Diggs*, 220 B.R. 247 (Bankr. M.D. N.C. 1998).

Case 19-22401   Doc# 47   Filed 08/20/20   Page 6 of 7

the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

**###**